UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCOTT FENDLEY,            )<br>                           )<br>     Plaintiff,           )<br>                           )<br>v.                         )<br>                           )<br>HYDROEXCAVATORS, LLC,      )<br>                           )<br>     Defendant.            )<br>_____) | Case No.: |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SCOTT FENDLEY (hereinafter "Plaintiff" or "Fendley") and files his Complaint against Defendant, HYDROEXCAVATORS, LLC (hereinafter "Defendant" or "HydroExcavators") and in support states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq*. (hereinafter the "FMLA"), and Georgia state law to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, interference, and retaliation against Plaintiff because of his protected medical leave leading to his unlawful termination, and Defendant's subsequent tortious interference of Plaintiff's business relations after Plaintiff's employment with Defendant ended.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising

1

under state law pursuant to 28 U.S.C. §1367(a)

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Fendley, is a citizen of the United States, and was at all times relevant, a citizen of the State of Georgia.

6. Defendant, HydroExcavators, is a for-profit corporation with its principal place of business in Conyers, Georgia.

7. Defendant is a covered employer as defined by the laws under which this action is brought and employs the requisite number of employees.

8. Plaintiff has complied with all statutory prerequisites to filing this action.

## FACTUAL ALLEGATIONS

9. Plaintiff was hired by Defendant on or about August 20, 2019 as Director of Operations.

10. At all relevant times, Plaintiff suffered from a serious medical condition that required the use of medical leave.

11. Plaintiff advised Stan Pitts, President for Defendant, of his condition and spoke with him about going on FMLA leave.

12. On or about September 9, 2022, Kahler Vandiver, Senior HR Manager for Defendant, informed Plaintiff that his request for FMLA leave was approved.

13. On or about September 29, 2022, while Plaintiff was on approved FMLA leave, Jaime Everhart, HR Representative for Defendant, terminated Plaintiff's employment, stating "Stan [Pitts] said you left him in a bind," as the reason for his termination.

14. In December 2022, Plaintiff accepted a position with NG Companies.

15. Shortly thereafter, in January 2023, Defendant purposely and with malice with the intent to injure sent a communication to NG Companies claiming false allegations against Plaintiff.

16. As a result of Defendant's communication, NG Companies ended Plaintiff's employment.

17. Plaintiff has been damaged by Defendant's illegal conduct.

18. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Interference in Violation of the FMLA

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

20. Plaintiff was an employee eligible for protected leave under the FMLA.

21. Defendant is and was an employer as defined by the FMLA.

22. Plaintiff exercised or attempted to exercise his rights under the FMLA.

23. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

24. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

25. Plaintiff was injured due to Defendant's willful violations of the FMLA and he is entitled to legal relief.

### Count II: Retaliation in Violation of the FMLA

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

27. Plaintiff was an employee eligible for protected leave under the FMLA.

28. Defendant is and was an employer as defined by the FMLA.

29. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

30. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

31. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

32. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count III: Tortious Interference with Business Relations

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-32, above.

34. Under Georgia law, a claim of tortious interference with business relations requires a plaintiff to "prove the following elements: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of a contractual obligation or caused a party or a third party to discontinue or fail to enter into an anticipated relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff," and the defendants must also be strangers to the contract and the business relationship. *See OnBrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 150, 687 S.E.2d 168, 176 (2009).

35. Defendant's conduct described above satisfies each and every element of a tortious interference claim under Georgia law.

36. Specifically, Defendant's improper action and wrongful conduct described above was without privilege, was purposeful and with malice with intent to injure Plaintiff.

37. Defendant's conduct induced a breach of a contractual obligation and/or caused one or more parties or third parties to discontinue or fail to enter into an anticipated relationship with

Plaintiff.

38. Defendant's tortious conduct proximately caused damage to Plaintiff.

39. As a result of Defendant's tortious interference with Plaintiff's business relations, Defendant is liable for actual damages, and punitive damages under O.C.G.A. § 51-12-51 in an amount to be determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, FL 33609
Tel. (800) 965-1570 ext. 126
Fax (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Attorney for Plaintiff*